### Shepherd, et al. v. Whitaker, et al.

(Decided June 16, 1922.)

### Appeal from Magoffin Circuit Court.

Appeal and Error—Finding of Chancellor.—On the issue of fact as to whether a title bond which was destroyed many years ago was made in favor of the father of appellants or in favor of him and his

wife, the evidence is examined and held to support the finding of the chancellor that the bond was made in favor of the father alone.

PRATHER & RAMEY, for appellants.

CALLOWAY HOWARD and A. FLOYD BYRD, for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This appeal presents an issue of fact in regard to a title bond given by Smith Whitaker for the sale of a tract of land in Magoffin county. The appellants claim that the bond ran in favor of Green Shepherd and his wife, Farisee Shepherd, whereas the appellees claim that it was given to Green Shepherd alone.

Farisee Shepherd was the daughter of Smith Whitaker, who more than twenty-five years ago executed the bond that is the cause of this litigation. The proof for appellees shows that by the terms of the bond Smith Whitaker agreed to convey to Green Shepherd, his son-in-law, a tract of land in Magoffin county for a consideration not definitely stated, but believed by Whitaker to be between $400.00 and $800.00. It is shown without contradiction that Green Shepherd and his wife moved to the land and that he paid something like $30.00 on the purchase price; that Farisee Shepherd then died leaving four infant children and shortly thereafter Green Shepherd took the children to the home of their grandfather and left them, where they remained for a year or two while he was in the Indian Territory. When he married again he took the three oldest children but left the youngest, Mexico Shepherd, with his grandfather, with whom that child lived until he was grown. Smith Whitaker deeded the land to Mexico Shepherd after the latter had attained his majority.

The three eldest children of Farisee Shepherd are claiming an interest in the land on the ground that the title bond was made in favor of Green Shepherd and his wife, Farisee Shepherd, it being contended that Smith Whitaker agreed to give his daughter, Farisee, a half interest in the land. They assert claim to three-fourths of their mother's half interest in the property.

Smith Whitaker testified that he sold the land to Green Shepherd and after the death of the latter's wife, but just before his departure for the Indian Territory,

Shepherd rescinded the contract of sale and surrendered the bond, telling the witness that as he had the children he might take the bond and destroy it and consider the sale cancelled. Shepherd testified that he delivered the bond to Whitaker with the understanding that Whitaker would deed the land to his children when they were grown. This evidence, however, is not convincing, for it is to be remembered that Shepherd had paid only $30.00 of the consideration of $400.00, which, according to his admission, he had agreed to pay for a half interest in the land. Hence it does not seem reasonable that Whitaker would have thus divested himself of all interest in the land. Shepherd also said that though he could not read or write, the bond was read aloud in his presence and it was made to him and his wife, the understanding being that a half interest in the land was a gift to his wife. Whitaker denied that the bond was made to Farisee Shepherd but said that it was made to Green Shepherd, that although he told his daughter that he expected to and would do right by her, he had not given her any part of the land. No part of the consideration was paid at the time of the sale or certainly not more than $30.00 was then paid. And this left Whitaker free to make Mrs. Shepherd any allowance that he cared to make at any time before the land was paid for. The other witnesses testifying in the case never saw the bond.

Walker Allen, a son-in-law of Smith Whitaker, testified that he had heard the latter say that it was his intention that the land should go to Farisee Shepherd. He said that he had never seen the bond, but his recollection from conversations with Smith Whitaker was that half of the land was to be a gift to Farisee Shepherd. Hatcher Allen, another son-in-law, testified that he had heard Mr. Whitaker say that half of the land was to be a gift to Farisee Shepherd; and Delaney Allen, a daughter of Smith Whitaker, said it was her understanding that Farisee Shepherd was to be given half of the land and that Green Shepherd was buying the other half. But none of these witnesses ever saw the title bond, nor did any of them testify to any fact tending to show whether it was made in favor of Green Shepherd or of Green Shepherd and his wife, Farisee Shepherd. Their understanding of the purpose of Smith Whitaker, that is that it was his intention to give part of the land to Farisee Shepherd, is not inconsistent with his testimony that, when she

asked him to give her the bond he told her that if she lived he would give her a part of the land and that he would do her right but "the bond was given to her man."

On the evidence, as we have detailed it, the chancellor adjudged that Mexico Shepherd was the owner of the land under the conveyance from Smith Whitaker, and dismissed the petition of his brothers and sisters who ask a reversal of the judgment.

It is contended that the evidence does not sustain the judgment in that the finding on the issue of fact, that the bond was made in favor of Green Shepherd and not in favor of him and his wife, Farisee Shepherd, is contrary to the great weight of the evidence.

The testimony of Smith Whitaker on this issue is clear and positive, and, while he was uncertain as to dates as the other witnesses were, it is evident that he had a distinct recollection of the transaction and his purpose in executing the bond. He stated unequivocally that it was made to Green Shepherd. The opposing testimony, except Green Shepherd's, which was based on his recollection of the contents of the bond as he heard it read, is to the effect that it was the intention of Smith Whitaker to give to his daughter an interest in the land; but that evidence is not incompatible with Whitaker's version of the transaction or with his admitted purpose which, as we have pointed out, he had ample time to effectuate.

Under this evidence we are unable to say that the finding of the chancellor is supported by less reliable or convincing proof than that offered by appellants. The testimony of Smith Whitaker fully sustains the judgment, and, although appellees introduced fewer witnesses than appellants, the weight of the evidence seems to us to support their side.

The judgment is, therefore, affirmed.